UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Docket No. 20-cr-10254 |
| ) | |
| TYKEAM JACKSON, ) | |
|       Defendant ) | |

SENTENCING MEMORANDUM

     Defendant Tykeam Jackson, by and through his undersigned counsel, hereby submits the following Sentencing Memorandum in connection with the sentencing proceeding in this matter currently scheduled for January 9, 2023. As explained in greater detail below, Mr. Jackson respectfully submits that, after consideration of all of the factors under 18 U.S.C. § 3553(a), a sentence of 77 months as stated in the plea agreement plus an additional three year period of supervised release, would be sufficient, but not greater than necessary, to achieve the purposes of sentencing in this case.  Mr. Jackson would also ask the Court to consider ordering this sentence to run concurrent with his sentence to be imposed in 1:21CR00303-002 District of Pennsylvania with a date to be determined after imposition of this sentence.

     The Court must impose a reasonable sentence that is sufficient but not greater than necessary to comply with the purposes listed in 18 U.S.C. § 3553(a). Gall v. United States, 552 U.S. 38 (2007) (emphasis added); 18 U.S.C. § 3553(a).  Section 3553(a) contains seven factors to be considered at sentencing:

     (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

     (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate

deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3) the kinds of sentences available;

    (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines;

    (5) any pertinent policy statement;

    (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

    (7) the need to provide restitution to any victims of the offense.

United States Code 18 U.S.C. § 3553(a).

1. The nature and circumstances of the offense and the history and characteristics of the defendant.

The defendant does not diminish his actions in this case. He has accepted responsibility and accepted responsibility for his actions in Pennsylvania. Notwithstanding, the defendant asks the Court to consider the course of his life and living within a neighborhood with gangs and unstable environment to provide context but not an excuse.

The history and characteristics of the defendant must be weighed heavily. Mr. Jackson's personal background is summarized in the Presentence Report ("PSR"). Mr. Jackson would add that his love of family, his steps taken to try to remove his sibling from a life of crime, his PTSD and his attempts to better himself should be considered by this Court. Most notable is the handwritten letter submitted by Mr. Jackson's sibling speaking of the difference his brother's life has made for him. Mr. Jackson wanted to make a difference in his sibling's life to make sure his brother did not make the same mistakes he did.

Although failing to remain out of trouble, Mr. Jackson did take great pride in his work and accomplishments with the four year ROCA program in 2019. See Exhibit of Certificate of Completion.

Currently, while incarcerated during the pendency of this case, Mr. Jackson was subjected to COVID restrictions in jail as well as suffering from COVID. He has thus been repeatedly subjected to lengthy periods of quarantine and isolation in response to numerous outbreaks at the facility.

Courts in this District have recognized that the severe conditions of confinement that have existed during the COVID-19 pandemic are an appropriate factor to consider in fashioning periods of incarceration. This Court may therefore consider the unusual and challenging circumstances faced by Mr. Jackson during his pretrial detention as an additional factor that would support the imposition of 77 month sentence in this case.

2. The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The defendant submits that a sentence of 77 months would meet these goals. Deterrence to criminal conduct and protecting the public from further crimes of the defendant will be accomplished by 77-month confinement.

3. The kinds of sentences available.

The defendant submits that 77 months of confinement would be available to Mr. Jackson per the C plea agreement.

4. The kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines. Mr. Jackson acknowledges his actions and 77 months in prison with three years of supervised release would be sufficient. In addition, the defendant anticipates a longer sentence to be imposed in the District of Pennsylvania.

5. Any pertinent policy statement.

The defendant submits for the Honorable Court's consideration the following factors:

- §5H1.2. Education and Vocational Skills (Policy Statement) may be relevant in determining the conditions of probation or supervised release for rehabilitative purposes, for public protection by restricting activities that allow for the utilization of a certain skill, or in determining the appropriate type of community service. Mr. Jackson points to his ROCA certificate attached as an exhibit.

- §5H1.3.   Mental and Emotional Conditions (Policy Statement)
  Mental and emotional conditions may be relevant in determining whether a departure is warranted, if such conditions, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines. See also Chapter Five, Part K, Subpart 2 (Other Grounds for Departure).  Mr. Jackson struggled with PTSD but has not received treatment. Consideration of the hardship of the conditions of the jail during times of COVID has had an impact on Mr. Jackson.

- §5H1.6. Family Ties and Responsibilities (Policy Statement)  Mr. Jackson has the

constant support of his family as demonstrated by the letters in support of him.

- §5H1.12. Lack of Guidance as a Youth and Similar Circumstances (Policy Statement) Lack of guidance as a youth and similar circumstances indicating a disadvantaged up bringing are not relevant grounds in determining whether a departure is warranted. The defendant submits that to grow up in a community where life centers of violence and unstable family life, should be considered by the Court.

The defendant asks the Court to consider the above factors.

6. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

Mr. Jackson submits that his conduct should be viewed by his conduct, remorse, future abilities and the letters in support written by those who know him.

7. The need to provide restitution to any victims of the offense.  It is believed that no victims have come forward.


CONCLUSION

For the foregoing reasons, the defendant seeks a sentence of 77 months incarceration and three years supervised probation.

                                                Respectfully submitted,
TYKEAM JACKSON
By his attorney,

*/s/ Joan M.  Fund*
Joan M. Fund
Fund & FitzGerald
245 First Street
Suite 1800

Cambridge, MA 02142
Tel:  617 945 9693
Cell: 508 878 6830
BBO #181430

Certificate of Service

     I certify that I have served a copy of the above to the AUSA, and all others required to be noticed, by ECF.

December 29, 2022

*/s/ Joan M. Fund*
Joan M. Fund